**Ashot KYOSAYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75082.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2009.*

Filed May 1, 2009.

Artem M. Sarian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., J. Max Weintraub, Esq. Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### ORDER

The memorandum disposition filed on September 24, 2008, 294 Fed.Appx. 358, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

Petitioner's petition for panel rehearing and petition for rehearing en banc are denied as moot.

### MEMORANDUM **

Ashot Kyosayan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's decision denying his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of relief. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We deny the petition for review.

■ Substantial evidence supports the BIA's determination that Kyosayan failed to demonstrate past persecution on account of a protected ground. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (minor abuse during detention did not compel finding of past persecution); *see also Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.2004) (petitioner failed to meet his burden of proof that the authorities imputed a political opinion to him). Substantial evidence also supports the BIA's determination that Kyosayan failed to demonstrate an objective fear of future persecution. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) (explaining that the "objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution.").

■ Because Kyosayan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ Substantial evidence supports the agency's denial of CAT relief because Kyosayan has not established it is more likely than not that he will be tortured if he returned to Armenia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

Kyosayan's request for oral argument is denied.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.